# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

WILLIAM LOEHR,

           Plaintiff,

vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

           Defendant.

No. C05-3025-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING
MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION**

_____

      This matter comes before the court pursuant to United States Magistrate Judge Paul A. Zoss's Report and Recommendation in this judicial review of the denial by an administrative law judge ("ALJ") of Title XVI supplemental security income and Title II disability insurance benefits. Judge Zoss determined that there was not substantial evidence in the record as a whole to support a finding that William Loehr ("Loehr") is not disabled. *Loehr v. Barnhart*, No.05-3025-MWB, 2006 WL 1050688, 1* at 18 (N.D. Iowa, April 20, 2006).

      Judge Zoss's Report and Recommendation concluded that the ALJ failed to fairly develop the record and that the denial of benefits is not supported by substantial evidence. *Id.* Specifically, Judge Zoss stated:

> The record evidence does not paint a picture of a mentally healthy individual capable of sustaining gainful employment. The undersigned suggests an accurate determination of Loehr's mental residual functional capacity cannot be made without obtaining an opinion from Dr. Okoli regarding the extent to which Loehr's substance abuse is a factor in his ongoing depression, and the extent to which Loehr's depression,

regardless of its cause, would affect his ability to function in the workplace.

*Id.* Further, Judge Zoss found the record does not contain substantial evidence to support the ALJ's determination that Loehr is able to work. Judge Zoss indicated that additional evidence from Loehr's treating psychiatrist, Dr. Okoli, and treating physicians might alter the outcome of the disability determination, and the ALJ had a duty to obtain such evidence. *Id.* Judge Zoss opined:

> For these reasons, the undersigned finds the record does not contain substantial evidence to support the ALJ's determination that Loehr is not disabled. An ALJ has a duty to develop the record fully. "That duty may include seeking clarification from treating physicians if a crucial issue is undeveloped or underdeveloped." *Smith v. Barnhart,* 435 F.3d 926, 930 (8th Cir.2006) (citing *Stormo v. Barnhart,* 377 F.3d 801, 806 (8th Cir.2004)). Although the Commissioner argues none of Loehr's treating physicians placed work limitations on him, the ALJ never *asked* Loehr's treating physicians whether the symptoms Loehr experiences when he sits upright or bends over would limit his ability to work. Similarly, the ALJ never asked Dr. Okoli for an opinion regarding how Loehr's mental impairment would affect his ability to work. The lack of notations in the treatment notes regarding work restrictions cannot constitute substantial evidence in the record to support a finding that Loehr is not disabled.

*Id.* Therefore, Judge Zoss recommends this case be remanded for further proceedings specifically regarding Loehr's ability to work full-time, and develop the record as may be necessary. (*Id.* at 19).

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or

> recommendations to which objection is made. A judge of the
> court may accept, reject, or modify, in whole or in part, the
> findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*).

In this case, no objections have been filed. Thus, the court concludes *de novo* review, required under the plain language of the statute only for "those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1) is not required here, and the court will instead review only for plain error. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for plain error where no objections to magistrate judge's report were filed). Upon plain error review, the court finds no grounds to reject or modify the Report and Recommendation.

Therefore, the ALJ's decision to deny benefits is **overruled** and, the Report and Recommendation is **accepted**. *See* § 28 U.S.C. 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). Because the ALJ failed to develop the record, the court **reverses** the ALJ's decision and **remands** this case to the Commissioner for further development of the record consistent with this opinion. 42 U.S.C. § 405(g). On remand, the ALJ must give appropriate weight to the opinions of Loehr's treating physicians and mental health

providers and develop the record as necessary to determine the non-exertional limitations upon Loehr's employment. The Commissioner shall, thereafter, issue a new decision consistent with the opinion of this court.

**IT IS SO ORDERED.**

**DATED** this 8th day of May, 2006.

_Mark W. Bennett_

MARK W. BENNETT
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA